# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON,<br><br>  Petitioner,<br><br>  v.<br><br>DAVID BAUGHMAN,<br><br>  Respondent. | No. 2:18-CV-2896-JAM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (ECF No. 12).

## I. BACKGROUND

### A. State Court Proceedings

Petitioner was convicted in 1997 of kidnaping, carjacking, and robbery and sentenced to life plus 3 years with the possibility of parole. See ECF No. 1, pg. 2. On September 7, 2017, the Board of Parole Hearings denied parole and deferred further parole consideration for three years. See id. at 11. Petitioner filed a state habeas action in the Los Angeles County Superior Court challenging the denial of parole, which was denied on March 6, 2018. See id. at 7-8. The California Court of Appeal for the Third Appellate

1

District also denied habeas relief, explaining that petitioner should have filed in the Second Appellate District. See ECF No. 1, pg. 9. The California Supreme Court denied habeas relief with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (holding that a petition for writ of habeas corpus must include copies of reasonably available evidence). See ECF No. 1, pg. 10.

### B. Current Federal Petition

This case proceeds on the original petition, filed on September 11, 2018. See ECF No. 1. Petitioner raises two grounds for relief:

Ground 1     The Board denial of my parole violate (sic) constitutional disproportionality of my imprisonment, since such excessive confinement violates the cruel and unusual clause. . . . as it deny (sic) my statutory entitlement to a uniform and proportionate sentence, which resulted in the imposition of ex post facto punishment.

Ground 2     The Board illegally denied me to present favorable evidence in the hearing as they deliberately cited older records to make it look like I am currently dangerous when in actuality I am not, which I have been disciplinary free for many years. Thus, their denial violates procedural protections guaranteed by the Due Process Clause.

ECF No. 1, pgs. 3-4.

## II. DISCUSSION

In his motion to dismiss, respondent argues: (1) the petition must be dismissed because it contains unexhausted claims; and (2) the petition must be dismissed because it contains claims that are not cognizable on federal habeas review.

### A. Exhaustion

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal and state

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In this case, the California Supreme Court's citation to People v. Duvall indicates that petitioner failed to present his claims to the state's highest court in a procedurally adequate way. Thus, the state habeas petition was not properly presented and, as such, it did not exhaust his state court remedies. See Milan v. Marshall, 677 F. Supp. 2d 1217, 1220 (C.D. Cal. 2009). Because petitioner's claims challenging the denial of parole in September 2017 are not exhausted, the petition must be dismissed.

/ / /

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

**B.   Cognizability**

Reversing the Ninth Circuit's decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the United States Supreme Court recently observed:

> Whatever liberty interest exists [in parole] is, of course, a *state* interest. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. Id. at 7. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .
>
> Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (2011) (per curiam) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)) (emphasis in original).

The Court held:

> . . . In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." Ibid. Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. (citations omitted).
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .
>
> Id.

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." Id. at 862-63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard. There is no other clearly established federal constitutional right in the context of parole.

///

///

4

In this case, petitioner does not contend he was denied the basic <u>Greenholtz</u> protections of notice and an opportunity to be heard. Because the federal constitution requires nothing more in the parole context, petitioner fails to raise any cognizable federal habeas claim relating to the denial of parole the petition must be denied.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE